IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **PATENT ARMORY INC.,** | |
| Plaintiff, | C.A. No. 1:25-cv-01370-LMB-LRV |
| v. | |
| **NAVY FEDERAL CREDIT UNION FOUNDATION,** | **JURY TRIAL DEMANDED** |
| Defendant. | |

**DEFENDANT NAVY FEDERAL CREDIT UNION'S ANSWER,
AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO
PATENT ARMORY INC.'S COMPLAINT**

1.  Defendant Navy Federal Credit Union ("Defendant"), incorrectly named Navy Federal Credit Union Foundation in the Complaint, files this Answer, Affirmative Defenses, and Counterclaims to Plaintiff Patent Armory Inc.'s Complaint for Patent Infringement. Defendant denies the allegations and characterizations in Plaintiff's Complaint unless expressly admitted in the following paragraphs.[1]

**PARTIES**

2.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

3.  Defendant admits it is a Federal Credit Union organized and maintains its principal place of business at 820 Follin Lane SE, Vienna, VA 22180.

---

[1] For avoidance of doubt, Defendant denies liability for all allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

1

## JURISDICTION

4. Defendant admits that the Complaint purports to set forth an action for infringement under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq*.

5. Defendant admits that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. Defendant does not contest whether personal jurisdiction over it properly lies in this District in this case. Defendant denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 6 of the Complaint.

## VENUE

7. Defendant does not contest whether venue is proper in this District in this case. Defendant denies it has committed or is committing acts of infringement within this District or elsewhere and, on that basis, denies the remaining allegations of Paragraph 7 of the Complaint.

## PATENTS-IN-SUIT

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that basis, denies all such allegations.

### THE '979 PATENT

9. Defendant admits that that the purported copy of U.S. Patent No. 7,023,979 (the "'979 Patent") that is attached to the Complaint as Exhibit 1 indicates that it was filed on March 7, 2003, issued on April 4, 2006, and is entitled "Telephony control system with intelligent call routing."

### THE '086 PATENT

10. Defendant admits that that the purported copy of U.S. Patent No. 9,456,086 (the "'086 Patent") that is attached to the Complaint as Exhibit 2 indicates that it was filed on March

8, 2010, issued on September 27, 2016, and is entitled "Method and system for matching entities in an auction."

### COUNT 1: [ALLEGED] INFRINGEMENT OF THE '979 PATENT

11. Defendant incorporates by reference each of its responses set forth in Paragraphs 1-10 above as if fully set forth herein.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Paragraph 15 contains allegations for which no response is required. To the extent Paragraph 15 sets forth any allegation of infringement, it is denied.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

### COUNT 2: [ALLEGED] INFRINGEMENT OF THE '086 PATENT

17. Defendant incorporates by reference each of its responses set forth in Paragraphs 1-16 above as if fully set forth herein.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. Defendant denies the allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant denies the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Paragraph 24 contains allegations for which no response is required. To the extent Paragraph 24 sets forth any allegation of infringement, it is denied.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

### [PLAINTIFF'S] JURY DEMAND

26. Defendant is not required to provide a response to Plaintiff's request for trial by jury.

### [PLAINTIFF'S] PRAYER FOR RELIEF

Defendant denies the Plaintiff is entitled to any relief from Defendant and denies all the allegations contained in Paragraphs A-H of Plaintiff's Prayer for Relief.

### AFFIRMATIVE DEFENSES

Defendant's Affirmative Defenses are listed below. Defendant reserves the right to amend its Answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### FIRST AFFIRMATIVE DEFENSE

Defendant has not infringed and does not infringe, under any theory of infringement (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)), any valid, enforceable claim of the U.S. Patent Nos. 7,023,979 and 9,456,086 (collectively, "the Patents-in-Suit").

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Patents-in-Suit is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff and any predecessors in interest to the Patents-in-Suit failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Defendant's actions allegedly infringe the Patents-in-Suit, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant received actual notice that it was allegedly infringing the Patents-in-Suit.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff asserts that Defendant indirectly infringes, either by contributory infringement or inducement of infringement, Defendant is not liable to Plaintiff for the acts alleged to have been performed before Defendant knew that its actions would allegedly cause indirect infringement.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's attempted enforcement of the Patents-in-Suit against Defendant is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

The claims of the Patents-in-Suit are not entitled to a scope sufficient to encompass any system employed or process practiced by Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiff contends that it alleges a claim for indirect infringement (whether by inducement or contributorily), Plaintiff has failed to state a claim upon which relief can be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief can be granted because the Patents-in-Suit do not claim patent eligible subject matter under 35 U.S.C. § 101.

## NAVY FEDERAL CREDIT UNION'S COUNTERCLAIMS

For its counterclaims against Plaintiff Patent Armory Inc., Counterclaim Plaintiff Navy Federal Credit Union ("Counterclaim Plaintiff") alleges as follows:

### PARTIES

1.  Counterclaim Plaintiff is a Federal Credit Union and maintains its principal place of business at 820 Follin Lane SE, Vienna, VA 22180.

2.  Upon information and belief based solely on Paragraph 2 of the Complaint as pled by Plaintiff, Counterclaim Defendant Patent Armory, is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 400-1565 Carling Ave., Ottawa, Ontario, Canada K1Z 8R1.

### JURISDICTION

3.  Counterclaim Plaintiff incorporates by reference Paragraphs 1–2 above.

4.  These counterclaims arise under the patent laws of the United States, Title 35, United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

5.  Patent Armory has consented to the personal jurisdiction of this Court at least by commencing its action for patent infringement in this District, as set forth in its Complaint.

6.  Based solely on Patent Armory's filing of this action, venue is proper for purposes of these counterclaims, in this District pursuant at least 28 U.S.C. § 1391.

### COUNT I

### DECLARATION REGARDING NON-INFRINGEMENT

7.  Counterclaim Plaintiff incorporates by reference Paragraphs 1–6 above.

8.  Based on Patent Armory's filing of this action and at least Counterclaim Plaintiff's first affirmative defense, an actual controversy has arisen and now exists between the parties as to

6

whether Counterclaim Plaintiff infringes the Patents-in-Suit.

9. Counterclaim Plaintiff does not infringe at least claim 10 of the '979 Patent because, *inter alia*, the accused system does not comprise "an input for receiving call classification information," "a data structure representing agent characteristics," and/or "a processor, for (a) determining, with respect to the received call classification information, an optimum agent for association with a call corresponding to call classification information, based on a multivariate cost function comparing at least three agents, the selection being based on at least a correspondence of said call classification and said data structure of agent characteristics, and (b) controlling a call routing of the call in dependence on the determination, said determining and routing functions of said processor being performed within the common operating environment."

10. Counterclaim Plaintiff does not infringe at least claim 11 of the '086 Patent because, *inter alia*, the accused system does not "stor[e] a plurality of multivalued scalar data representing inferential targeting parameters for the first entity," "stor[e] a plurality of multivalued scalar data of each of the plurality of second entities, representing inferential targeting parameters for a plurality of second entities," "perform[] using an automated processor, based on at least the stored plurality of multivalue scalar data, an economic optimization seeking to maximize a normalized economic surplus of a respective mutually exclusive match of the first entity with the second entity, in conjunction with an opportunity cost of the unavailability of the second entity as a result of the match," and/or "output[] a signal in dependence on the optimization."

11. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiff requests a declaration by the Court that Counterclaim Plaintiff has not infringed and does not infringe any claim of the Patents-in-Suit under any theory (including directly (whether individually or jointly) or indirectly (whether contributorily or by inducement)).

## COUNT II

### DECLARATION REGARDING INVALIDITY

12. Counterclaim Plaintiff incorporates by reference Paragraphs 1–11 above.

13. Based on Patent Armory's filing of this action and at least Counterclaim Plaintiff's Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Patents-in-Suit.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Counterclaim Plaintiff requests a declaration by the Court that the claims of the Patents-in-Suit are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaim Plaintiff asks this Court to enter judgment in Counterclaim Plaintiff's favor and against Patent Armory by granting the following relief:

a) a declaration that the Patents-in-Suit are invalid;

b) a declaration that Counterclaim Plaintiff does not infringe, under any theory, any valid claim of the Patents-in-Suit that may be enforceable;

c) a declaration that Patent Armory take nothing by its Complaint;

d) judgment against Patent Armory and in favor of Counterclaim Plaintiff;

e) dismissal of the Complaint with prejudice;

f) a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Counterclaim Plaintiff of its costs and attorneys' fees incurred in this action; and

g) further relief as the Court may deem just and proper.

## JURY DEMAND

Counterclaim Plaintiff hereby demands trial by jury on all issues.

Dated: September 24, 2025

Respectfully submitted,

By: */s/ Michael J. Ballanco*
Michael J. Ballanco (Va. Bar # 87293)
ballanco@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Ave., S.W., Suite 1000
Washington, D.C. 20024
Tel: (202) 783-5070
Fax: (202) 783-2331

Neil J. McNabnay (*pro hac vice* forthcoming)
mcnabnay@fr.com
Lance E. Wyatt (*pro hac vice* forthcoming
wyatt@fr.com
**FISH & RICHARDSON P.C.**
1717 Main Street, Suite 5000
Dallas, TX 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

**COUNSEL FOR DEFENDANT
NAVY FEDERAL CREDIT UNION**

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2025, I caused the foregoing to be filed electronically using the Court's CM/ECF system, which automatically sent a notice of electronic filing to all counsel of record.

*/s/ Michael J. Ballanco*
Michael J. Ballanco (Va. Bar # 87293)
ballanco@fr.com
**FISH & RICHARDSON P.C.**
1000 Maine Ave., S.W., Suite 1000
Washington, D.C. 20024
Tel: (202) 783-5070
Fax: (202) 783-2331